UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA,<br>HENNEPIN COUNTY,<br>HENNEPIN COUNTY MEDICAL CENTER,<br>and STATE OF MINNESOTA OFFICE OF<br>THE GOVERNOR,<br><br>      Defendants. | Civil No. 14-1216 (PJS/TNL)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP") as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings

liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, most of Plaintiff's complaint consists of oblique sentence fragments. Because Plaintiff has not presented his allegations in complete and coherent sentences, it is almost impossible to ascertain what he is attempting to allege. As far as the Court can tell, Plaintiff is alleging that many years ago he was involved in some type of incident with some unidentified law enforcement officials. It is clear that Plaintiff believes that he was mistreated during that incident, but it is unclear who was involved in the incident or what actually happened. It appears that Plaintiff previously sought legal redress for his alleged mistreatment, and he seems to be claiming that his efforts were thwarted by some type of alleged cover-up or concealment. Plaintiff broadly alleges that someone failed to disclose some medical records that purportedly would have helped him substantiate his past claims for redress. Plaintiff, however, has not described the content of those medical records; he has not explained why those medical records supposedly would have substantiated his prior claims; he has not clearly identified who allegedly concealed those medical records; and he has not described how any such concealment allegedly was effected.

Much of Plaintiff's complaint addresses a statute of limitations defense that Plaintiff apparently thinks Defendants will raise in this case. Plaintiff's assertions regarding the

statute of limitations, however, are of no import because he has not presented any cause of action to which any statute of limitations might be applicable.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Plaintiff's complaint is full of conclusory allegations of "fraud," "tyranny," "abuse of power," "police brutality," and violations of Plaintiff's "rights and privileges secured by the Constitution," but Plaintiff has not presented a coherent narrative of specific historical facts to support any of his conclusory assertions.

In sum, the allegations in Plaintiff's complaint do not describe any specific acts or omissions by any of the named Defendants which could support any cause of action against any of those Defendants, based on any cognizable legal theory. Thus, the Court concludes that, even with the liberal construction that is required in pro se cases, Atkinson, 91 F.3d at 1129 (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current complaint fails to state a cause of action on which relief can be granted. Because Plaintiff's complaint fails to state an actionable claim for relief, his IFP application must be denied and this case must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

[Continued on next page.]

**RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein**, IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: June 10, 2014

S/ Tony N. Leung  
TONY N. LEUNG  
United States Magistrate Judge


*Richmond v. State of Minnesota, et al.*  
Civ. No. 14-1216 (PJS/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **July 11, 2014.**