UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| COURTNEY RICHMOND, | Case No. 14-CV-1216 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA; HENNEPIN COUNTY; HENNEPIN COUNTY MEDICAL CENTER; and STATE OF MINNESOTA OFFICE OF THE GOVERNOR, | |
| Defendants. | |

Courtney Richmond, pro se.

Back in 2003, plaintiff Courtney Richmond brought a lawsuit against the City of Brooklyn Center and three Brooklyn Center police officers. In that lawsuit, Richmond alleged that the police officers had violated his rights in April 2001 when they performed a strip search and body-cavity search in an unreasonable manner. The case was tried to a jury, which awarded nominal damages to Richmond after finding that, although one of the officers had conducted a strip search in an unreasonable manner, Richmond was not injured by the officer's actions. (The jury found that the body-cavity search alleged by Richmond did not actually occur.) On appeal, the Eighth Circuit reversed, finding that the officer was shielded from even nominal liability by the doctrine of qualified immunity. *See Richmond v. City of Brooklyn Center*, 490 F.3d 1002 (8th Cir. 2007).

Richmond now seeks to file what appears to be a second lawsuit related to the 2001 search, this time against the State of Minnesota, the Governor of the State of Minnesota, the Attorney General of the State of Minnesota, the County of Hennepin, and the Hennepin County

Medical Center. In a Report and Recommendation ("R&R") dated June 10, 2014, Magistrate Judge Tony N. Leung recommends that Richmond's application to proceed *in forma pauperis* ("IFP") be denied and that the complaint be dismissed for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Rather than file an objection to the R&R, Richmond requested "more time to create the frame work for the cause of action . . . ." ECF No. 7 at 1. Then, a few weeks later, Richmond filed a document seeking a "writ of prohibition" and raising claims of "negligence of fault" and "duty of care [under the] 14th Amendment." ECF No. 9 at 1. The Court interprets this document as a motion to amend the original complaint.

That motion to amend is denied. As noted by the R&R, "most of Plaintiff's [original] complaint consists of oblique sentence fragments. Because Plaintiff has not presented his allegations in complete and coherent sentences, it is almost impossible to ascertain what he is attempting to allege." R&R at 2. The proposed amended complaint suffers from the same problem. The defendants that Richmond seeks to sue are entitled to reasonable notice of the claims against them. Yet the Court cannot tell from either Richmond's original complaint or his proposed amended complaint how Richmond claims that each defendant harmed him. For example, why the Governor of Minnesota should be held liable for a strip search conducted on Richmond in 2001 by Brooklyn Center police — or for any deficiencies in the medical treatment that Richmond received from the Hennepin County Medical Center for his alleged injuries back in 2001 — is not explained in any coherent way.

Because the proposed amended complaint fails to state a claim on which relief can be granted, Richmond's motion to amend the complaint is denied. Richmond's request for additional time to amend the complaint is now moot, as he has in fact filed a proposed amended

complaint. Finally, the Court has conducted a de novo review of the R&R recommending dismissal of Richmond's original complaint. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the June 10, 2014 R&R [ECF No. 6]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff Courtney Richmond's application to proceed IFP [ECF No. 2] is DENIED.

2. Richmond's motion to amend the complaint [ECF No. 9] is DENIED.

3. Richmond's motion for leave to amend the complaint [ECF No. 7] is DENIED AS MOOT.

4. The complaint [ECF No. 1] is SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 6, 2014         s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge